**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JULIETTE YAXI LIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-0156 (UNA) |
| | ) | |
| CHINESE AND CHINESE AMERICAN SPIES | ) | |
| AND SEX TRAFFICKERS, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum Opinion</u>**

This matter is before the court on initial review of Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1.  The court will grant the application, and for the reasons discussed below, dismiss the complaint without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (explaining that courts may dismiss cases "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins").  Consequently, a court is obligated to dismiss a complaint as frivolous "when

1

the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This complaint begins with an allegation that "Chinese & Chinese American espionage and Sex Trafficking insistently, medically, shamelessly, corrode, isolate, steal and kill my innocent, Chinese-free, life and the lives of [plaintiff's] children." ECF No. 1 at 4. What few factual allegations there are lack a basis in law and fact. The complaint is frivolous, and therefore must be dismissed. A separate order accompanies this memorandum opinion.

DATE: April 2, 2026                              AMIR H. ALI
                                                 United States District Judge

2